FILED
MAY 19, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Duane M. Scholl, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Rogers Ready Mix and Materials, Inc., and | ) | **08 C 50086** |
| Chad Broege, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED  **JUDGE KAPALA** |
| | | **MAGISTRATE JUDGE MAHONEY** |

**COMPLAINT**

NOW COMES the Plaintiff, Duane M. Scholl, by and through his attorneys, James T. Harrison of Harrison Law Offices, P.C., and complaining of the Defendants Rogers Ready Mix and Materials, Inc. and Chad Broege, states and alleges as follows:

**Jurisdiction**

1.  This Complaint contains two counts. Count I arises under the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. §12101 et seq., and this Court has original jurisdiction to hear Count I pursuant to federal question jurisdiction. Count II arises under Illinois common law and this Court has pendent jurisdiction to hear Count II pursuant to 28 U.S.C. §1367, supplemental jurisdiction.

**Parties**

2.  The Plaintiff, Duane M. Scholl, (hereinafter "Scholl") is an adult resident of the County of Lee, Village of Polo, State of Illinois.

3.  At all times relevant hereto, the Defendant Rogers Ready Mix and Materials, Inc., (hereinafter "Rogers Ready Mix"), was a business corporation with its principle place of business located at 5510 S. Mulford Road, Rockford, Illinois; Defendant Rogers Ready Mix was organized under the laws of the State of Illinois and was licensed to do business and was doing business in the County of Winnebago, City of Rockford, State of Illinois.

4.  At all times relevant hereto, the Defendant Chad Broege, (hereinafter "Broege") was an adult resident of the City of Rockford, State of Illinois, and was employed by the Defendant Rogers Ready Mix as its "Employee Safety Manager".

1

## Facts

5.   From June of 1977 through June 22, 2007, and at all times relevant hereto, Scholl was employed as a truck driver by the Defendant Rogers Ready Mix and Materials, Inc., (hereinafter "Rogers Ready Mix').

6.   At all times relevant hereto, Scholl was employed pursuant to the terms and provisions of a collective bargaining agreement (hereinafter "CBA") that existed between the Defendant Rogers Ready Mix and Scholl's Labor Union, the International Brotherhood of Teamsters, Local Union No. 325; pursuant to the CBA Scholl could only be discharged for just cause.

### June 18, 2007

7.   On or about June 18, 2007, Scholl was called into an individual safety meeting with Chad Broege, Rogers Ready Mix's Employee Safety Manager, to discuss a new safety policy that Rogers Ready Mix had implemented.

8.   During the meeting, Scholl was informed that, pursuant to the company's new personal protective equipment policy, Scholl was required to wear work boots covering the ankles.

9.   Scholl told Broege that, in Scholl's experience, wearing shoes that were cut below the ankle enabled a faster response time from the foot feed to the brake pedal and from the other foot to the clutch; Scholl also told Broege that lower-cut shoes were more comfortable.

10.   Broege inquired whether the boots made Scholl's feet hurt or whether the boots caused Scholl discomfort; Scholl responded that the boots did not make his feet hurt or cause him discomfort.

11.   Scholl requested that he be permitted to wear the lower-cut shoes to enable better response time with his feet and because they were more comfortable than the over-the-ankle work boots; Broege told Scholl that he would think about whether Scholl could wear the lower-cut shoes and that Broege would get back to him on it.

### June 22, 2007

12.   On June 22, 2007, Scholl was called into Broege's office; Borge handed a piece of paper to Scholl dated June 21, 2007 and told Scholl to read it and to sign it. The document was drafted on Rogers Ready-Mix & Materials, Inc. letterhead, and stated:

> "I, Duane Scholl, state that wearing footgear over the ankle causes my foot pain and renders the foot unstable. It interfered with my ability to operate the control pedals of the truck. I experience pain in the ankle and heel area." (Attached hereto as Exhibit 1).

13.   Scholl read the document and stated to Broege that the document didn't have a word of truth in it; Broege told Scholl that he could cross out anything that was untrue, to which Scholl

2

responded "It's all untrue." Broege then told the Scholl to sign the document or Scholl would be fired.

14. Scholl told Broege that Scholl needed to talk to somebody from the Union to which Broege responded that Scholl could not call anyone until Scholl was off of Rogers Ready Mix's property. Scholl repeated that he needed to talk to someone to which Broege responded "If you leave this room without signing the paper, you are fired."

15. Scholl signed the paper under duress and handed it back to the Defendant Broege who then stated to Scholl: "Okay, now you are terminated."

16. Thereafter, Broege accompanied Scholl while he obtained his personal belongings and then escorted Scholl off of the Defendant Rogers Ready Mix's property.

17. After his employment was terminated on June 22, 2007, Scholl requested that the Teamsters Local Union No. 325 file a grievance concerning the termination of his employment without cause and in breach of the collective bargaining agreement.

18. Teamsters Local Union No. 325 filed a grievance on Scholl's behalf pursuant to the collective bargaining agreement, however, on July 11, 2007, the Teamsters Local Union No. 325 voted not to refer Scholl's grievance to arbitration under the collective bargaining agreement, and extinguished Scholl's rights to further relief under the contract grievance procedure.

## COUNT I
### Violation of the Americans with Disabilities Act
### Against Defendant Rogers Ready Mix

19-36. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 18 of Plaintiff's Complaint as Paragraphs 19 through 36 of Count I herein.

37. At all times relevant hereto, Scholl was an "employee" within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12111(4).

38. At all times relevant hereto, the Defendant Rogers Ready Mix was a "covered entity" within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12111(2), and was Scholl's "employer" within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12111(5)(A).

39. At all times relevant hereto, Scholl was an "individual with a disability" within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12102(2)(C), in that he was regarded by the Defendants Roger's Ready Mix and Materials, Inc. as having a physical impairment that substantially limited one or more of Scholl's major life activities, including working.

40. At all times relevant hereto, Scholl was a "qualified individual with a disability" within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12111(8), in that he was an

individual regarded by the employer as having a disability, who could perform the essential functions of his employment position, with or without a reasonable accommodation by the employer.

41. That the Americans with Disabilities Act prohibits an "employer" from discharging a "qualified individual with a disability" because of the disability of such individual. 42 U.S.C. §12112.

42. On June 22, 2007, Rogers Ready Mix terminated Scholl's employment without just cause and because Rogers Ready Mix regarded Scholl as having a disability.

43. Rogers Ready Mix's termination of Scholl violated the terms of Scholl's collective bargaining agreement and contradicted the statutory protections of the Americans with Disabilities Act. 42 U.S.C. §12112(a).

44. At all times relevant hereto, the Defendant Broege was authorized by the Defendant Rogers Ready Mix to terminate Scholl's employment and Broege's acts are attributable to the Defendant Rogers Ready Mix.

45. The Defendant Rogers Ready Mix's conduct of terminating Scholl's employment, because it regarded Scholl as having a disability, was intentional and/or otherwise occurred with reckless disregard for the Scholl's rights under the Americans with Disabilities Act.

46. As a direct and proximate result of the intentional discriminatory conduct of the Defendant Rogers Ready Mix, Scholl has suffered damages of a personal and pecuniary nature, and as a result, the Defendant Rogers Ready Mix is liable to Scholl for civil damages and for other relief for its' violation of Scholl's rights under the Americans with Disabilities Act.

47. As a direct and proximate result of the acts complained of, Scholl has suffered and will continue to suffer the loss of his employment, wages, and other benefits appurtenant to his employment.

48. As a direct and proximate result of the conduct of the Defendant Rogers Ready Mix, Scholl has suffered and continues to suffer emotional distress, anxiety, stress, inconvenience, mental anguish, loss of self esteem, loss of enjoyment of life, and other non-pecuniary losses.

49. On or about August 29, 2007, Scholl filed a charge of discrimination against the Defendant Rogers Ready Mix with the Equal Employment Opportunity Commission and the Illinois Department of Human Rights on or about August 29, 2007. A copy of that Charge is attached hereto as Ex. 2.

50. On or about February 19, 2008, Scholl received a Notice of Right-To-Sue, (a copy of which is attached hereto as Ex. 3). Scholl filed the instant lawsuit within 90 days of his receipt of the Notice of Right-To-Sue.

WHEREFORE, Plaintiff Duane M. Scholl prays that this Honorable Court enter judgment in his favor and against the Defendant Rogers Ready Mix and Materials, Inc., and that the Court grant Plaintiff the following relief:

a)  Reinstatement to his rightful position in the workforce, together with retroactive seniority and all other benefits appurtenant to Scholl's employment with the Defendant Rogers Ready Mix, or if reinstatement is not feasible, that Scholl be awarded front pay and in an amount sufficient to make the Scholl whole;

b)  An award of back pay, including the economic value of the benefits appurtenant to Scholl's employment by Defendant;

c)  The maximum amount of punitive damages available at law;

d)  An award of Scholl's reasonable attorney fees and costs pursuant to 42 U.S.C. §12205;

e)  An award of prejudgment interest;

f)  Such other and further relief as the Court deems just and proper.

## Count II
### Tortious Interference with Contract
### Against Defendant Broege

51-68. Plaintiff repeats and reallages the allegations of Paragraphs 1 through 18 of Plaintiff's Complaint as Paragraphs 51 through 68 of Count II herein.

69. Illinois common law prohibits tortious interference with contracts.

70. At all times relevant hereto, Scholl had a valid contract of employment with Defendant Rogers Ready Mix.

71. At all times relevant hereto, the Defendant Broege knew of the contract of employment between Scholl and Defendant Rogers Ready Mix.

72. That by his conduct, Defendant Broege unjustifiably and intentionally induced and caused a breach of the employment contract between Defendant Rogers Ready Mix and Scholl.

73. As a direct and proximate result of the acts complained of herein, Scholl has suffered and will continue to suffer damages including the loss of his employment, wages, and other benefits appurtenant to his employment.

74. As a direct and proximate result of the acts complained of herein, Scholl has suffered and continues to suffer emotional distress, anxiety, inconvenience, mental anguish, loss of professional relationships, loss of business reputation, and other non-pecuniary losses.

75.     Defendant Broege's actions of inducing and causing the breach of Scholl's contract of employment with Defendant Rogers Ready Mix were unjustified and malicious and were committed intentionally and without lawful justification.

76.     As a direct and proximate result of the conduct of the Defendant Broege, the Defendant Broege is responsible to Scholl for civil damages and other relief for the violation of Scholl's common law rights.

WHEREFORE, Plaintiff Duane M. Scholl prays that this Honorable Court enter judgment in his favor and against the Defendant Chad Broege, and grant Plaintiff the following relief:

    a)     Compensatory damages, and in an amount in excess of $100,000;

    b)     Punitive damages in the maximum amount available at law;

    c)     Plaintiff's costs incurred in the instant action;

    d)     Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/James T. Harrison

_____
James T. Harrison
Attorney for Duane M. Scholl

James T. Harrison
Attorney at Law
Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, IL 60098
Phone: (815) 338-7773
Fax: (815) 338-7738
Attorney No. 06207020

6



08 C 50086

June 21, 2007

I, Duane Scholl, state that wearing footgear over the ankle causes my foot pain and renders the foot unstable. It interferes with my ability to operate the control pedals of the truck. I experience pain in the ankle and heel area.

_____        6-22-07
Duane Scholl                            Date

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 440-2007-07515 |

**Illinois Department Of Human Rights** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Duane Scholl | (815) 94?-????  | ??-??-???? |

08 C 50086

Street Address: 41 Pilgrim Rd., Polo, IL 61064

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ROGER'S READY MIX | 15 - 100 | (815) 874-6626 |

Street Address: 5510 S. Mulford Rd., Rockford, IL  61109

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [X] AGE  [X] DISABILITY  [ ] OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-22-2007   Latest: 06-22-2007
[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began working for Respondent in June 1977. My most recent title was Truck Driver. On June 22, 2007, I was discharged from my employment.

I believe that I have been discriminated against because of my age, 56, in violation of the Age Discrimination in Employment Act of 1967. I also believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990.

RECEIVED EEOC
AUG 29 2007
CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

8-29-07   *Duane Scholl*
Date   Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

EXHIBIT "3"

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Duane Scholl<br>41 Pilgrim Rd.<br>Polo, IL 61064 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL 7099 3400 0018 8815 7084

**08 C 50086**

☐    On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-07515 | Kirsten J. Peters,<br>Investigator | (312) 353-8900 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

John P. Rowe,    2/15/08
District Director      (Date Mailed)

Enclosures(s)

cc:    **ROGER'S READY MIX**

STATE OF ILLINOIS           )
                            ) ss
COUNTY OF MCHENRY           )

### VERIFICATION

Under penalties as provided by law, the undersigned certifies that the statements set forth in the attached Complaint are true and correct except as to matters herein stated to be on information and belief and to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Duane M. Scholl

SUBSCRIBED AND SWORN TO before me this _19th_ day of _May_, 2008.

_____
NOTARY PUBLIC

Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, Illinois 60098
Office: (815) 338-7773
Fax: (815) 338-7738

OFFICIAL SEAL
BILLIE JEAN BLAIR
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/06/11