IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DUANE SCHOLL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08 C 50086 |
| ) | |
| ROGERS READY-MIX & MATERIALS, ) | |
| INC., and CHAD BROEGE, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT CHAD BROEGE'S ANSWER TO COMPLAINT

Defendant Chad Broege ("Broege") answers the Complaint as follows:

1. Broege admits the allegations of paragraph 1 with respect to the original jurisdiction of this Court under 42 U.S.C. §12101 et seq. but he denies the remaining allegations of paragraph 1.

2. Broege neither admits nor denies the allegations of paragraph 2, having insufficient knowledge or information to form a belief as to the truth thereof.

3. Broege admits Rogers' principal place of business is located at 5510 S. Mulford Road, Rockford, Illinois but neither admits nor denies the remaining allegations of paragraph 3, having insufficient knowledge to form a belief as to the truth thereof.

4. Broege admits the allegations of paragraph 4 except that he denies that his title was "Employee Safety Manager;" he admits that his title was "Safety Manager."

5. Broege denies the allegations of paragraph 5.

6. Broege denies the allegations of paragraph 6 except that he admits Scholl was employed pursuant to the provisions of a collective bargaining agreement (hereinafter "CBA") that existed between the Defendant Rogers Ready-Mix and Scholl's Labor Union, the International Brotherhood of Teamsters, Local Union No. 325 from on or about 2002 through

1

June 22, 2007; he admits that pursuant to the CBA Scholl could only be discharged for just cause.

7. Broege admits the allegations of paragraph 7 except he denies that a new safety policy had been implemented at the time of the meeting and denies that the new safety policy was the sole subject of the meeting.  He  admits that a new policy was in the process of being implemented at the time of the meeting.

8. Broege admits the allegations of paragraph 8.

9. Broege denies the allegations of paragraph 9.

10. Broege denies the allegations of paragraph 10.

11. Broege denies the allegations of paragraph 11.

12. Broege denies the allegations of paragraph 12 except he admits that the document speaks for itself.

13. Broege denies the allegations of paragraph 13.

14. Broge denies the allegations of paragraph 14.

15. Broege denies the allegations of paragraph 15.

16. Broege admits the allegations of paragraph 16.

17.  Broege neither admits nor denies the allegations of paragraph 17, having insufficient knowledge or information to form a belief as to the truth thereof.

18.  Broege admits that Teamsters Local Union No. 325 filed a grievance on Scholl's behalf pursuant to the collective bargaining agreement but denies the remaining allegations of paragraph 18.

## COUNT II

51-68. Broege  realleges and reincorporates his  answers to paragraphs 1 through 18 as though fully set forth herein as his answers to paragraphs 51 through 68.

2

69. Broege neither admits nor denies the allegations of paragraph 61 as the allegations are not of fact but rather are allegations of legal conclusions.

70. Broege denies the allegations of paragraph 70.

71. Broege denies the allegations of paragraph 71.

72. Broege denies the allegations of paragraph 72.

73. Broege denies the allegations of paragraph 73.

74. Broege denies the allegations of paragraph 74.

75. Broege denies the allegations of paragraph 75.

76. Broege denies the allegations of paragraph 76.

## **AFFIRMATIVE DEFENSES**

1. Count II and the claims thereunder are preempted by federal law, including, but not limited to, Section 301 of the Labor Management Relations Act, 29 U.S.C. §185.

2. Broege denies each and every allegation, claim, and prayer of the Complaint which is not expressly and specifically admitted.

3. Plaintiff's claims are barred because the Complaint fails to state a claim against Broege upon which relief can be granted.

4. Plaintiff is not entitled to the relief requested as a matter of fact or law.

5. Plaintiff's claims against Broege regarding mental, physical, and emotional injuries or illnesses are barred, in whole or in part, by the mandatory and exclusive provisions of the Illinois Workers' Compensation law.

6. Plaintiff's claims against Broege for punitive damages are barred by the United States and Illinois Constitutions because the asserted standard for entitlement to punitive damages is vague and arbitrary and the procedure for the assessment of punitive damages violates Broege's rights to due

process of law, to equal protection of law, to the right to be free from unlawful taking of property, the right to be free of excessive fines and all other substantive and procedural protection of Constitution applicable to punitive damages.

7. Plaintiff's claims are precluded by federal law, including, but not limited to, Section 301 of the Labor Management Relations Act, 29 U.S.C. §185.

8. Plaintiff's claims are barred by arbitration, estoppel, and res judicata arising out of the final and binding decision of the Joint Committee on Scholl's grievance under the collective bargaining agreement.

9. Broege reserves the right to assert each and every other affirmative defense which is identified during further proceedings.

WHEREFORE, having fully answered, Broege prays that the Court enter judgment in his favor, for his costs, for his reasonable attorneys' fees, and for such other relief as the Court deems just and proper.

                        CHAD BROEGE, Defendant,

                        BY:   PETER DeBRUYNE, P.C.

                        BY       /s/
                              Peter DeBruyne, His Attorney

Peter DeBruyne, P.C.
Attorney Registration No. 0599840
838 North Main Street
Rockford, Illinois 61103
Telephone (815) 964-3810

Attorney for Defendant Chad Broege

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing Defendant Chad Broege's Answer to Complaint was served on July 28, 2008 pursuant to ECF as to Filing Users, including James T. Harrison, Esq. and shall comply with Local Rule 5.5 as to any party who is not a Filing User or represented by a Filing User.

                                        /s/ Peter DeBruyne