IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DUANE SCHOLL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08 C 50086 |
| ) | |
| ROGERS READY-MIX & MATERIALS, ) | |
| INC., and CHAD BROEGE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ROGERS READY-MIX & MATERIALS, INC.'S
ANSWER TO COMPLAINT**

Defendant Rogers Ready-Mix & Materials, Inc., ("Rogers") answers the Complaint as follows:

1. Rogers admits the allegations of paragraph 1 with respect to the original jurisdiction of this Court under 42 U.S.C. §12101 et seq. It neither admits nor denies the remaining allegation as to pendent and supplemental jurisdiction as Count II contains no allegations against it.

2. Rogers admits the allegations of paragraph 2.

3. Rogers admits the allegations of paragraph 3 except it denies that it is organized under the laws of the State of Illinois.

4. Rogers admits the allegations of paragraph 4 except that it denies that Broege's title was "Employee Safety Manager;" it admits that Broege's title was "Safety Manager."

5. Rogers denies the allegations of paragraph 5.

6. Rogers denies the allegations of paragraph 6 except that it admits Scholl was employed pursuant to the provisions of a collective bargaining agreement (hereinafter "CBA") that existed between the Defendant Rogers Ready-Mix and Scholl's Labor Union, the International

1

Brotherhood of Teamsters, Local Union No. 325 from on or about 2002 through June 22, 2007; it is admits that pursuant to the CBA Scholl could only be discharged for just cause.

7. Rogers admits the allegations of paragraph 7 except it denies that a new safety policy had been implemented at the time of the meeting and denies that the new safety policy was the sole subject of the meeting. It admits that a new policy was in the process of being implemented at the time of the meeting.

8. Rogers admits the allegations of paragraph 8.

9. Rogers denies the allegations of paragraph 9.

10. Rogers denies the allegations of paragraph 10.

11. Rogers denies the allegations of paragraph 11.

12. Rogers denies the allegations of paragraph 12 except it admits that the document speaks for itself.

13. Rogers denies the allegations of paragraph 13.

14. Rogers denies the allegations of paragraph 14.

15. Rogers denies the allegations of paragraph 15.

16. Rogers admits the allegations of paragraph 16.

17. Rogers neither admits nor denies the allegations of paragraph 17, having insufficient knowledge or information to form a belief as to the truth thereof.

18. Rogers admits that Teamsters Local Union No. 325 filed a grievance on Scholl's behalf pursuant to the collective bargaining agreement but denies the remaining allegations of paragraph 18.

## COUNT I

19.-36. Rogers realleges and reincorporates its answers to paragraphs 1 through 18 as though fully set forth herein as its answers to paragraphs 19 through 36.

37. Rogers admits the allegations of paragraph 37.

38. Rogers admits the allegations of paragraph 38.

39. Rogers denies the allegations of paragraph 39.

40. Rogers denies the allegations of paragraph 40.

41. Rogers neither admits nor denies the allegations of paragraph 41 as the allegations are not of fact but rather are allegations of legal conclusions.

42. Rogers denies the allegations of paragraph 42.

43. Rogers denies the allegations of paragraph 43.

44. Rogers denies the allegations of paragraph 44.

45. Rogers denies the allegations of paragraph 45.

46. Rogers denies the allegations of paragraph 46.

47. Rogers denies the allegations of paragraph 47.

48. Rogers denies the allegations of paragraph 48.

49. Rogers admits the allegations of paragraph 49.

50. Rogers neither admits nor denies the allegations of paragraph 50, having insufficient knowledge or information to form a belief as to the truth thereof.

## **AFFIRMATIVE DEFENSES**

1. Rogers denies each and every allegation, claim, and prayer of the Complaint which is not expressly and specifically admitted.

2. Plaintiff's claims are barred because the Complaint fails to state a claim against Rogers upon which relief can be granted.

3. Plaintiff is not entitled to the relief requested as a matter of fact or law.

4. Plaintiff's claims against Rogers regarding mental, physical, and emotional injuries or illnesses are barred, in whole or in part, by the mandatory and exclusive provisions of the Illinois Workers' Compensation law.

5. Plaintiff's claims against Rogers for punitive damages are barred by the United States and Illinois Constitutions because the asserted standard for entitlement to punitive damages is vague and arbitrary and the procedure for the assessment of punitive damages violates Roger's rights to due process of law, to equal protection of law, to the right to be free from unlawful taking of property, the right to be free of excessive fines and all other substantive and procedural protection of Constitution applicable to punitive damages.

6. Plaintiff's claims of violations under the ADA are barred in whole or in part because they are not like or related to the claims which plaintiff asserted in his EEOC charge.

7. Plaintiff's claims are barred in whole or in part because plaintiff failed to comply with all statutory, jurisdictional and procedural requirements under the ADA.

8. Plaintiff's claims are precluded by federal law, including, but not limited to, Section 301 of the Labor Management Relations Act, 29 U.S.C. §185.

9. Plaintiff's claims are barred by arbitration, estoppel, and res judicata arising out of the final and binding decision of the Joint Committee on Scholl's grievance under the collective bargaining agreement.

10. Plaintiff's claims are barred because the challenged actions of Rogers were required or necessitated by other federal laws and regulations.

11. Rogers reserves the right to assert each and every other affirmative defense which is identified during further proceedings.

WHEREFORE, having fully answered, Rogers prays that the Court enter judgment in its favor, for its costs, for its reasonable attorneys' fees, and for such other relief as the Court deems just and proper.

                                    ROGERS READY-MIX & MATERIALS,
                                      INC., Defendant.

                              BY:   PETER DeBRUYNE, P.C.

                              BY         /s/
                                      Peter DeBruyne, Its Attorney

Peter DeBruyne, P.C.
Attorney Registration No. 0599840
838 North Main Street
Rockford, Illinois 61103
Telephone (815) 964-3810

Attorney for Defendant Rogers Ready-Mix & Materials, Inc.

**CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing Defendant Rogers Ready-Mix & Materials, Inc.'s Answer to Complaint was served on July 28, 2008 pursuant to ECF as to Filing Users, including James T. Harrison, Esq. and shall comply with Local Rule 5.5 as to any party who is not a Filing User or represented by a Filing User.

                                                      /s/ Peter DeBruyne